IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 22-98-9 |
| EDWIN BURGOS, et. al.<br>    a/k/a "Rocky" | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

During a gun violence epidemic in Philadelphia, the defendant led a conspiracy to traffic firearms into this city's black market.   During the course of six months, the defendant introduced nearly 300 firearms to Philadelphia.   More than 50 of those firearms have been recovered thus far –many from the hands of convicted felons or abandoned at the scene of a crime.   The defendant sold firearms despite being under court supervision for aggravated assault.   The strength of the evidence against him, as well as the defendant's history of flight, supports his continued detention.

Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

**I.     THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact[1]:

**A.     Probable Cause And The Evidence In This Case**

1. There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 371 and 922(a)(1)(A), 924(a)(1)(D), as charged in the indictment filed on March 17, 2022.

2. The evidence in this case is strong.

   a. Electronic communications detail the defendant conspiring with others to purchase 290 firearms from straw purchasers in Georgia and then arranging for the firearms to be transported to Philadelphia to be sold to the defendant's buyers. Law enforcement has recovered approximately 50 firearms from in and around Philadelphia, including some seized from felons and others abandoned at the scene of a crime.

   b. Financial records show the defendant spending over $100,000 towards the unlawful purchase of firearms.

   c. Upon his arrest, the defendant provided a statement to the ATF wherein he admitted to brokering the unlawful sale of firearms in Philadelphia, Pennsylvania.

**B.     Maximum Penalties**

The total maximum penalty the defendant faces is 10 years' imprisonment and a 3-year period of supervised release.

Based on the defendant's criminal history and his criminal conduct, the

---

[1] The Pre-Trial Services Report has not been released yet. The government respectfully reserves the right to supplement this filing upon receipt of the Report.

United States Sentencing Guidelines recommends a sentence of 188 months to 235 months of imprisonment, that is, a sentence which exceeds the current statutory maximum.

      **C.**    **Criminal Record**

In 2016, the defendant was convicted of conspiracy and aggravated assault for breaking the jaw of a school police officer.   The defendant committed the aggravated assault offense with his brother Kenneth Burgos and his friend Roger Millington, both of whom were also convicted for their conduct.   The defendant's two prior co-defendants are charged as his co-conspirators in the instant federal offense.   The defendant was sentenced to five years of probation and has repeatedly violated the terms of his supervision as described in the next section.

      **D.**    **Prior History of Failures to Appear and Abide by Court Supervision**

As described below, the defendant has a history of flight and failing to abide by the terms of his court supervision:

      1.    On October 7, 2020, Philadelphia Police attempted to execute an arrest warrant issued for the defendant for violating his probation.   Two marked police cars stopped the car the defendant was driving.   After uniformed police officers requested the defendant's identification, the defendant sped off.   Despite the officers' efforts, the defendant was not apprehended that day.

      2.    Approximately one week later, on October 15, 2020, Bensalem Township Police approached a Knight's Inn hotel room in Trevose, Pennsylvania, to arrest him on the probation warrant.   When police knocked at the hotel room door, Roselmy Rodriguez, another one of his co-defendants in the instant federal indictment, answered and began yelling at the officers that no one else was in the room.   Upon entry, the officers noticed the hotel bed was

pushed up slightly. When the officers moved the mattress, they found the defendant hiding under the bed. They arrested the defendant.

3. While in custody in October 2020, the defendant made a recorded phone call from prison to another person, explaining that when the defendant had learned that a warrant for his arrest had been issued for a probation violation, he "went on the run" for over a year.

4. On October 5, 2021, investigators spoke with Philadelphia Adult Probation and Parole Officer Dana Shannon. Officer Shannon supervises the defendant. Officer Shannon stated that the defendant's reported address of record has always been his mother's house on Harrison Street, Philadelphia, Pennsylvania, but Officer Shannon has never found the defendant at this location during any of her home visits. During this federal investigation, ATF conducted surveillance of the Harrison Street location for weeks, and never saw the defendant at the place he purports to live.

5. The defendant violated his county probation on April 20, 2017, and his public court docket shows he has an open violation proceeding. His current offenses occurred during the term of his probation.

E. **Lack Of Community Ties/Employment**

1. The defendant reported to the ATF that he is unemployed.

2. The defendant uses his mother's home address as his legal address but has never been found at that location.

II. **CONCLUSION**

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

s/ Priya T. De Souza
PRIYA T. DE SOUZA
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIM. NO. 22-98-9** |
| **EDWIN BURGOS, et. al.**<br>    a/k/a "Rocky" | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this        day of                  , 2022, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. §§ 371, 922(a)(1)(A), and 924(a)(1)(D).

2. The evidence in this case is strong. Financial records, electronic communications, and the defendant's statement to the ATF support the find that the defendant conspired with others and engaged in firearms trafficking.

3. The total maximum statutory penalty the defendant faces is 10 years' imprisonment and a three-year term of supervised release. The estimated guidelines range for the charged offenses is 188 to 235 months' imprisonment. Accordingly, the defendant has a substantial incentive to flee.

4. The defendant has a serious criminal history, including a prior history of failure to appear and abide by court supervision. He is alleged to have committed the instant federal crimes while still under court supervision.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**BY THE COURT:**

_____
**HONORABLE CAROL SANDRA MOORE WELLS**
United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic mail on the following defense counsel:

Andrew Moon, Esquire
Duty Assistant Federal Defender
Federal Defenders Association
Philadelphia, Pennsylvania

s/ Priya T. De Souza
PRIYA T. DE SOUZA
Assistant United States Attorney

Date:   April 5, 2022